RAYMOND A. GALLENBERG ESQ (SBN 239484)
ROSA VIGIL-GALLENBERG ESQ. (SBN 251872)
GALLENBERG PC
800 S Victory Blvd., Suite 203
Burbank CA 91502
Telephone:   (818) 237-5267
Facsimile:    (818) 330-5266
E-mail: ray@gallenberglaw.com
E-mail: rosa@gallenberglaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VELOZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEARS, ROEBUCK AND Co., a Corporation, and DOES 1-100, inclusive,<br><br>　　　　　Defendant. | Case No. 2:16-cv-05982-SVW-GJS<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. **Discrimination On The Basis Of Disability;**<br>2. **Failure to Take All Reasonable Steps to Prevent Discrimination;**<br>3. **Failure to Accommodate Disability;**<br>4. **Failure to Engage In The Interactive Process;**<br>5. **Wrongful Termination of Employment On The Basis of Disability;**<br>6. **Intentional Infliction of Emotional Distress;**<br>7. **Failure to Provide Employment Records on Request;**<br>8. **Interference with Right to Medical Leave under the California Family Rights Act (Gov't Code § 12945.2(t);**<br>9. **Retaliation for Taking Leave Under** |

1

the California Family Rights Act
(Gov't Code § 12945.2); and
10. Discrimination Based on Taking
Leave Under the California Family
Rights Act (Gov't Code § 12945.2).

**JURY TRIAL DEMANDED**

Plaintiff, DANIEL VELOZ, by and through his attorney, files this Complaint, and alleges:

**PARTIES**

1.      Plaintiff DANIEL VELOZ ("Plaintiff" or "Mr. Veloz") is an individual and a California resident and was at all relevant times employed by Defendant Sears, Roebuck and Co. ("Sears") at the Defendant's store location in the city of Pasadena, in the County of Los Angeles, in the state of California.  At all relevant times, Plaintiff was an employee covered by the California Family Rights Act (the "CFRA"), Government Code § 12945.2(a).

2.      Plaintiff is informed and believes that Defendant Sears is a wholly owned subsidiary of Sears Holdings Corporation.  Plaintiff is informed and believes that, at all times relevant herein, Defendant Sears was authorized to do business in the State of California and the County of Los Angeles, with at least fifty (50) employees.  Defendant Sears offers a wide range of home merchandise, apparel, and automotive products and services through more than 1,320 Sears-branded and affiliated stores in the United States and Canada.  At all relevant times, Defendant Sears was a company that employed more than fifty (50) employees within seventy-five (75) miles of Plaintiff's place of employment and was an employer subject to the CFRA.

3.      Plaintiff is informed and believes that each of the DOE Defendants reside in the State of California and are in some manner responsible for the

*Plaintiff's First Amended Complaint*

conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this Complaint to show the true names and capacities of these fictitiously named Defendants.

## JURISDICTION AND VENUE

4.     The Court is exercising removal jurisdiction, pursuant to 28 U.S.C. § 1441 *et seq.*

5.     Defendant Sears, at all times relevant hereto, is and has been an "employer" as defined by FEHA and the CFRA.

6.     The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

7.     Venue is proper in this Court as the acts complained of occurred in the County of Los Angeles.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.     On or about May 2, 2014, Plaintiff began his employment as a healthy young man with Defendant Sears as a Loss Prevention Associate out of the Defendant's Pasadena store location.

9.     As a Loss Prevention Associate, Plaintiff's job was to address all loss prevention issues, including apprehending suspects, securing the return of store assets, calling the police, and related conduct to address loss prevention issues.

10.    Plaintiff was a hard working employee who risked his life in order to protect Defendant Sears' assets and his co-worker.

11.    On or about April 20, 2015, a male entered Defendant Sears' store and attempted to steal approximately $500.00 worth of tools.  When Plaintiff lost walkie-talkie/radio and telephone communication with his partner, Mr. Erick Villanueva, who was initially attempting to apprehend the shoplifting suspect, Plaintiff became concerned for his partner's safety and therefore exited the building and began looking for Mr. Villanueva.  During that time, Plaintiff did not locate Mr. Villanueva, but in a stroke of bad luck, the shoplifting suspect

3

1   essentially collided into Plaintiff while Plaintiff was looking for Mr. Villanueva.

2   During this inadvertent interaction with the suspect, Plaintiff tried to calm the

3   shoplifter by saying words to the effect of that he was a Sears Asset Prevention

4   Associate so that the suspect did not think he was a police officer seeking to arrest

5   him. Sometime during this contact with the shoplifter, who appeared to have a

6   white supremacist tattoo, critically stabbed Plaintiff (a Latino man) in the arm,

7   severing his bicep and an artery.  During Plaintiff's efforts to protect Sears from

8   theft and protect his co-worker from harm, Plaintiff was stabbed in the arm with a

9   knife by the shoplifter.

10        12.    After being stabbed while trying to perform his loss prevention duties,

11   Plaintiff was rushed to the emergency room, where he received emergency surgery.

12   Due to the seriousness of the injury, surgery, and disability Plaintiff was not able to

13   return to work for almost one month (*i.e.*, until May 19, 2015).

14        13.    While Plaintiff was disabled and recovering from his serious injuries,

15   Plaintiff is informed and believes, based on documentation recently produced in

16   this action by Defendant Sears, that Defendant Sears undertook a purported

17   investigation into the incident that led to Plaintiff being stabbed while trying to

18   perform his duties.  Plaintiff is further informed and believes that during the course

19   of that investigation, Defendant Sears learned that Mr. Villanueva, had violated

20   multiple company policies, including but not limited to originally pursuing the

21   shoplifting suspect beyond the supposed "boundary" past which Sears claims its

22   Asset Prevention Associates were not to pursue suspects.  Indeed, Defendant

23   Sears' purported investigation confirmed that Mr. Villanueva *pursued* the

24   shoplifter outside the Sears store beyond the purported boundary, yelled at the

25   suspect, while not maintain communication with Plaintiff all in violation of Sears

26   purported company policies.  Of significance, Villanueva admitted to going to

27   Sears Way where Plaintiff was found stabbed, in an attempt to ensure his partner's

28   safety—the very same reason that Plaintiff found himself at Sears Way.  Plaintiff is

4

1  informed and believes and, on that basis, alleges that even though Mr. Villanueva,
2  by his own admission, violated company policies, including the very same
3  boundary policy allegedly violated by Plaintiff, he was not fired.  Defendants Sears
4  and Mr. Young claim Plaintiff violated and was terminated for pursuing a suspect
5  beyond the store's "boundary."  However, Plaintiff, unlike Mr. Villanueva, did not
6  yell or pursue the suspect outside store boundaries and the only reason he was
7  found at Sears Way (which Defendant Sears claims is outside the store boundaries
8  for purposes of stopping the shoplifter apprehension) was because he was looking
9  for his partner who Plaintiff thought might be in harm's way.  Plaintiff had the bad
10  luck of becoming disabled and requiring medical leave.  Plaintiff is informed and
11  believes and, on that basis, alleges that Mr. Villanueva was not terminated by
12  Defendant Sears based on this purported policy violations during the incident.
13  However, Plaintiff was callously fired because unlike Mr. Villanueva, Plaintiff did
14  become disabled and necessitated accommodations.

15      14.    During Sears' purported investigation and *prior to* having spoken with
16  Plaintiff about the stabbing incident, Plaintiff is informed and believes, based on
17  records produced by Sears in this action, that Defendant Sears concluded that
18  despite there being no problems with the six elements of proof that Sears looks for
19  in Asset Prevention situations and apprehensions, that Plaintiff's conduct in trying
20  to ensure his partner's safety was not in good judgment.  Notably, Mr. Young, who
21  Plaintiff is informed and believes headed the purported investigation, never spoke
22  to Plaintiff about the stabbing incident prior to firing him.  Mr. Young's (and
23  therefore, Defendant Sears') rush to blame a seriously disabled employee without
24  having even spoken with him about the incident, belies any good faith basis for this
25  purported investigation and conclusions and betrays Defendant's callous motive
26  and malice.  Of significance, prior to the final results of the purported investigation
27  and after the purported investigation was concluded, Defendant Sears (through Mr.
28  Young and others) bad mouth Plaintiff by claiming Plaintiff exercised "bad

5

judgment." Defendant Sears (through at least Mr. Young) also falsely claimed that Plaintiff violated company policy regarding the alleged store "boundary"—when Mr. Young and Sears knew that Sears has no boundary policy when it comes to checking on the safety of a co-worker. Defendant Sears' derogatory statements about Plaintiff's judgment, are very harmful to Plaintiff who was working on obtaining a career as a police officer/sheriff. Because of Defendant's false and/or misleading statements given as reasons for Plaintiff's termination, Plaintiff is informed and believes, his dream of a career as a police officer/sheriff is essentially over.

15.     Despite the serious nature of Plaintiff's disability, Defendant Sears pressured Plaintiff to return to work as soon as possible and continued to require him to perform his usual job duties. The stabbing incident rendered Plaintiff physically disabled and caused him to feel discomfort and/or pain while performing his job duties without modifications or accommodations.

16.     Plaintiff is informed and believes and, on that basis, alleges that Sears pressured him, the case manager assigned to monitor Plaintiff's recovery, and his physician to have him return to work as soon as possible and earlier than was medically appropriate. This was because paying Plaintiff and paying for his transportation to and from work (because Plaintiff did not have use of his disabled arm and, therefore, could not drive) was still less expensive than the $500 per day Lost Work Day Charge that Sears was incurring for each day Plaintiff was on medical leave due to his disability. Plaintiff is informed and believes that due to this Lost Work Day Charge, within four days of Plaintiff being out on medical leave due to his disability, Defendant Sears began pressuring and/or directing others to pressure Plaintiff's doctors to allow him return to work as soon as possible and ahead of a medically appropriate schedule. At all times relevant herein, Plaintiff was emotionally distressed by the pressure exerted on him to return to work prematurely, and it exacerbated his disability.

6

17.     Plaintiff is further informed and believes, based on documentation produced by Defendant Sears, that on initially attempting to convince Plaintiff's doctor to allow Plaintiff to return to work sooner, that he could not recommend that at that time because Plaintiff had had serious artery and tendon work and was on serious medications.  Nevertheless, at Mr. Young's direction, Sears rushed a physically disabled and severely emotionally distressed Plaintiff back to work, by continuing to exert pressure on him, his case manager, and his physician, thereby endangering Plaintiff's health and well-being, so that Sears could save perhaps a few hundred dollars per day.  Indeed, on learning that Sears' efforts to get Plaintiff back to work ahead of the doctor's initial schedule and as soon as possible, Defendant Sears' managing agent, Mr. Jeffrey Young, stated "Great.  Let [sic] get him back on board asap.  Remember, $500 per day."  Further, due to Defendant Sears' and Mr. Young's pressure on Sears' doctor who was monitoring Plaintiff's progress for Sears, that doctor cut Plaintiff's cast off significantly ahead of schedule.  Shortly thereafter, when Plaintiff returned to the surgeon who had performed his surgery, Plaintiff's surgeon was upset that his cast was cut off early and advised him to not return to Sears' doctor. Plaintiff was not only *not* physically able to go back to work, but he had just suffered a traumatic experience which affected his mental state of mind and thereby was not medically ready to go back to the place where he had almost been killed. Defendant Sears cold heartedly disregarded Plaintiff's disability, emotional distress and Plaintiff's mental health to save a few dollars.

18.     On or about May 2, 2015, while out on medical leave due to being stabbed while performing his work duties, Plaintiff became eligible for CFRA medical leave.  This is expressly reflected in documents produced by Sears in this litigation, which noted Plaintiff's eligibility for leave under the FML Policy, the FMLA, and applicable state law.  A true and correct copy of this document is attached hereto as **Exhibit A** and incorporated by reference herein.  Prior to

7

becoming eligible for CFRA leave, Plaintiff is informed and believes that he was on medical leave under Defendant Sears' Extended Care Leave ("ECL"). Moreover, under Sears' express policies, "if an associate becomes eligible for leave under the FMLA or state and/or local law prior to or during ECL leave, the associate's rights will be governed by the FML policy and applicable law."  A true and correct copy of the relevant portion of this policy is attached hereto as **Exhibit B** and incorporated herein by reference.

19.   On or about May 18, 2015, Defendant Sears called Plaintiff.  On information and belief Defendant Sears was informed that Plaintiff's doctor had, after being pressured by Defendant Sears, through Plaintiff's case manager, released him to go back to work with "modified job duties."  Indeed, when Plaintiff returned to work with Defendant Sears, Plaintiff was still wearing a cast on his arm and had trouble using his arm at work.  Thus, Defendant Sears was clearly on notice of Plaintiff's disability, discomfort, and pain yet Sears did not engage in the interactive process or provide any reasonable accommodations.

20.   On or about June 5, 2015, while Plaintiff was still seriously disabled due to his performance of his loss prevention duties and still wearing a cast on his arm, Plaintiff was callously wrongfully terminated, despite him having a good employment record prior to him becoming disabled.  Plaintiff is informed and believes, based on documents produced by Defendant Sears in this action, that Sears had made the determination to terminate Plaintiff while he was still on leave and before Plaintiff's doctor had approved his return.  Defendant Sears rushed Plaintiff out of medical leave, to which he was entitled, and back to work, after having made the decision to terminate him, simply so that Sears could save a few hundred dollars a day in the time between Plaintiff's return and subsequent termination shortly thereafter.  Plaintiff risked his life to protect Defendant Sears' assets and his co-worker, Mr. Villanueva, and, in return, Defendant terminated Plaintiff shortly after he became disabled, *i.e.*, when Plaintiff was in physical pain

8

1   and emotionally vulnerable from having just survived a traumatic experience.

2   Further, Defendant Sears interfered with Plaintiff's medical leave by exerting

3   pressure on Plaintiff, his case manager, and his physicians to cut short his medical

4   leave and return to work ahead of schedule, just so that Sears could save a few

5   hundred dollars. Sears then turned around and callously fired Plaintiff, shortly

6   after his return to work and while he was disabled, based on his disability and

7   based on and in retaliation for having taken medical leave.

8         21.   At no point did Defendant engage with Plaintiff in an interactive

9   process regarding his job duties and reasonable accommodations for his disability.

10        22.   At all relevant times, Plaintiff found Defendant's acts complained of

11   herein outrageous and hostile. Plaintiff incorporates herein such conduct, both

12   known and unknown, and reserves the right to more specifically identify and prove

13   additional unlawful acts.

14        23.   As a further direct and proximate cause of the acts and conduct of

15   Defendant, as alleged herein, Plaintiff has suffered injury, damage, loss, and harm,

16   including, but not limited to, loss of income, medical expenses, humiliation,

17   embarrassment, severe mental and emotional distress, and discomfort.

18        24.   Defendant's acts as herein described were committed maliciously,

19   fraudulently or oppressively with the intent of injuring Plaintiff, and/or with a

20   willful and conscious disregard of Plaintiff's right to work in an environment free

21   from unlawful discrimination. Therefore, Plaintiff is entitled to recover punitive

22   damages in a sum sufficient to punish and deter future such conduct.

23        25.   Within the time provided by law, after suffering this discrimination,

24   Plaintiff made a complaint to the California Department of Fair Employment and

25   Housing ("DFEH") alleging illegal acts Plaintiff suffered during his employment

26   with Defendant, including, among other things, "deni[al of] family care or medical

27   leave," and notes that Plaintiff was discriminated against due to his medical

28   condition. DFEH issued Right-to-Sue letter as to Defendant on March 7, 2016, a

9

1  true and correct copy of which is attached hereto as **Exhibit C** and incorporated by

2  reference herein.  Subsequently, Plaintiff's Right to Sue was further clarified and

3  amended to expressly include "Interference with California Family Rights Act

4  Medical Leave," and to state that Sears "interfered with [his] medical leave" and

5  that he was "retaliated against because [he] took medical leave."  A true and

6  correct copy of Plaintiff's Amended DFEH Right-to-Sue letter is attached hereto as

7  **Exhibit D** and incorporated herein by reference.  Therefore, this complaint is

8  timely filed.

9      26.    On or around July 2, 2015, Plaintiff requested in writing by letter via

10  certified first class mail to Defendant and regular first class mail to Defendant's

11  California agent for service of process, that Defendant provide him with his wage

12  and payroll history, all documents signed by Plaintiff pursuant to Labor Code

13  Section 432, and a copy of his personnel records pursuant to Labor Code Section

14  1198.5.  Receipts indicate that the correspondence was delivered to Defendant's

15  principal place of business on July 7, 2015. Yet, as of the filing of Plaintiff's

16  original complaint, Defendant had willfully failed to provide Plaintiff with any of

17  the documents requested—further illustrating Defendant's bad faith and animus

18  towards Plaintiff.

19      27.    At all relevant times, Plaintiff found the acts complained of herein

20  outrageous, hostile, abrasive, and exploitative. Plaintiff incorporates herein such

21  conduct, both known and unknown, and reserves the right to more specifically

22  identify and prove additional unlawful acts.

23  ### FIRST CAUSE OF ACTION

24  ### Discrimination On The Basis of Disability:
### Government Code Section 12900 *et seq.*

25  *(Against Defendant Sears and all DOE Defendants)*

26      28.    Plaintiff re-alleges and incorporates each and every allegation

27  contained above except where to do so would be inconsistent with pleading this

28  cause of action.

29.     Plaintiff became disabled when he was stabbed in the arm in the course of performing his loss prevention duties for Defendant Sears.  His disability affected a major life activity as it made it difficult for him to perform his job duties without pain. He was able to perform the essential job duties of his job with reasonable accommodations, which Defendant failed to give him.

30.     Jurisdiction is invoked pursuant to Section 12965, as amended, of the Government Code of the state of California, seeking declaratory judgment and damages for violations of the Plaintiff's rights as protected by FEHA, Government Code Section 12940 *et seq.*, which prohibits, among other things, discrimination on account of a disability.  Government Code Section 12940 requires Defendant to refrain from discriminating against any employee on the basis of a physical disability.

31.     Defendant through its agents and employees engaged in a pattern and practice of unlawful physical disability discrimination in violation of the FEHA, in connection with its treatment of Plaintiff, and the terms and conditions of his employment.

32.     Plaintiff believes and on that basis alleges that Defendant terminated Plaintiff's employment in violation of FEHA's prohibition of discrimination on the basis of disability.  Had Plaintiff not become disabled, he would have retained his job for a substantially longer time and obtained benefits that other employees who did not have physical disabilities did, in fact, receive.

33.     Plaintiff believes and, on that basis, alleges that his disability was a substantial motivating factor in Defendant's termination of his employment.

34.     At all relevant times, Defendant Sears knew Plaintiff had a physical disability that limited his ability to move his arm and work.

35.     At all relevant times, Defendant had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified, and participated in the discrimination.  As a result of the

11

1   discrimination perpetrated and maintained by Defendant, and its failure to protect

2   Plaintiff from further discrimination, Plaintiff has suffered severe emotional

3   distress.

4        36.   Plaintiff is informed and believes and thereon alleges that, in addition

5   to the practices enumerated above, Defendant has engaged in other discriminatory

6   practices against Plaintiff, which are not yet fully known.  At such time as said

7   discriminatory practices become known to Plaintiff, Plaintiff will seek leave of

8   Court to amend this Complaint in those regards.

9        37.   As a direct and proximate result of the willful, knowing, and

10   intentional discrimination against Plaintiff and the failure to act by Defendant,

11   Plaintiff has sustained and continues to sustain substantial losses of earnings and

12   other employment benefits and has suffered mental distress, anguish, and

13   indignation.

14        38.   Plaintiff is thereby entitled to general and compensatory damages as

15   prayed herein.  Plaintiff also requests an award of reasonable attorneys' fees,

16   expert witness fees, and costs as allowed by law.

17        39.   In doing the acts and in engaging in the conduct alleged herein,

18   Defendant intended to and did vex, harass, annoy, and cause Plaintiff to suffer and

19   continue to suffer severe emotional distress.

20        40.   Defendant committed the abusive actions alleged herein maliciously,

21   fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and

22   from an improper and evil motive amounting to malice, and in conscious and

23   reckless disregard of his rights as an employee.  As such, Plaintiff is entitled to

24   punitive damages.

25        WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

26

27

28

12

## SECOND CAUSE OF ACTION
### Failure to Prevent Discrimination: Government Code Section 12940 *et seq.*
*(Against Defendant Sears and all DOE Defendants)*

41.  Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

42.  FEHA requires Defendant to take all reasonable steps to prevent discrimination based on, among other things, Plaintiff's physical disability.

43.  Defendant failed to take all reasonable steps to prevent the discrimination against Plaintiff, as more fully described above.  Defendant further failed to take all immediate and appropriate corrective actions to stop the discrimination that Plaintiff was experiencing.

44.  As a direct and proximate result of Defendant's failure to prevent discrimination against Plaintiff, Plaintiff was harmed.  Defendant's above-alleged conduct was extreme and outrageous and has caused Plaintiff injury, damage, loss and harm including loss of income, medical expenses, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Defendant's failure to take immediate and appropriate action in response thereto, all of which amount to Plaintiff's damage in excess of the minimum jurisdiction of this Court.

45.  Plaintiff is thereby entitled to general and compensatory damages as prayed herein.  Plaintiff also requests an award of reasonable attorneys' fees, expert witness fees, and costs as allowed by law.

46.  Defendant's failure to take all reasonable steps necessary to prevent discrimination was malicious and oppressive, in that it was conduct carried on by Defendant in a willful and conscious disregard of Plaintiff's rights and subjected him to cruel and unjust hardship.  Thus, an award of exemplary and punitive damages is justified.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

13

## THIRD CAUSE OF ACTION
### Failure to Accommodate Disability: Government Code Section 12940 *et seq.*
*(Against Defendant Sears and all DOE Defendants)*

47.    Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

48.    FEHA requires that employers provide reasonable accommodations to known disabled employees.

49.    Defendant wholly failed to attempt any reasonable accommodations of Plaintiff's known disability.  Defendant pressured Plaintiff to return to work as soon as possible and continued to require him to perform his usual job duties. The incident and the injuries stemming therefrom rendered Plaintiff physically disabled and caused him to feel discomfort and/or pain while performing his job duties without modifications/accommodations.

50.    Plaintiff believes and on that basis alleges that his disability was a substantial motivating factor in Defendant's termination of his employment.

51.    As a proximate result of Defendant's conduct as herein alleged, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

52.    As a proximate result of Defendant's conduct as herein alleged, Plaintiff has suffered and continues to suffer emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

53.    In doing the acts herein alleged, Defendant acted with oppression and/or malice and in conscious disregard of Plaintiff's rights, and Plaintiff seeks punitive and exemplary damages in amount according to proof.

54.    Plaintiff is thereby entitled to general and compensatory damages as prayed herein.  Plaintiff also requests an award of reasonable attorneys' fees, expert witness fees, and costs as allowed by law.

14

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### Failure To Engage in the Interactive Process: Government Code Section 12940 *et seq.*
*(Against Defendant Sears and all DOE Defendants)*

55.   Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

56.   FEHA requires Defendant to engage in a timely, good-faith interactive process to accommodate known disabled employees.

57.   At no point after Plaintiff became disabled while carrying out his loss prevention job duties, did Defendant Sears engage Plaintiff in the interactive process regarding reasonable accommodations for disability.  Instead, Defendant Sears continued to require him to perform his usual job duties without any reasonable accommodation or modification.  The incident and the injuries stemming therefrom rendered Plaintiff physically disabled and caused him to feel discomfort and/or pain while performing his job duties without modifications/accommodations.

58.   As a proximate result of Defendant's conduct as herein alleged, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

59.   Plaintiff believes and alleges that Plaintiff's disability was a substantial motivating factor in Defendant's decision to terminate him.

60.   As a proximate result of Defendant's conduct as herein alleged, Plaintiff has suffered and continues to suffer emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

61.   In doing the acts herein alleged, Defendant acted with oppression and/or malice and in conscious disregard of Plaintiff's rights, and Plaintiff seeks punitive and exemplary damages in amount according to proof.

15

62.     Plaintiff is thereby entitled to general and compensatory damages as prayed herein.  Plaintiff also requests an award of reasonable attorneys' fees, expert witness fees, and costs as allowed by law.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
*(Against Defendant Sears and all DOE Defendants)*

63.     Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

64.     The FEHA (including Government Code Section 12940) contains important public policies enacted for the public's benefit.  The policies include the prohibition of termination of employees on the basis of a disability.

65.     Plaintiff believes and alleges that Plaintiff's disability was a substantial motivating factor in Defendant's decision to terminate him.

66.     As a proximate result of Defendant's conduct as herein alleged, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

67.     As a proximate result of Defendant's conduct as herein alleged, Plaintiff has suffered and continues to suffer emotional distress, and mental pain and anguish, all to his damage in a sum according to proof.

68.     In doing the acts herein alleged, Defendant acted with oppression and/or malice and in conscious disregard of Plaintiff's rights, and Plaintiff seeks punitive and exemplary damages in amount according to proof.

69.     Plaintiff is thereby entitled to general and compensatory damages as prayed herein.  Plaintiff also requests an award of reasonable attorneys' fees, expert witness fees, and costs as allowed by law.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION

16

## **Intentional Infliction of Emotional Distress**
*(Against Defendant Sears and all DOE Defendants)*

70.     Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

71.     As set forth in the paragraphs above, Defendant intentionally discriminated against and wrongfully terminated Plaintiff based on his physical disability by, among other things, refusing to accommodate Plaintiff's disability, failing to engage Plaintiff in the interactive process regarding the same, interfering with Plaintiff's medical leave to the detriment of his health and well-being, and terminating Plaintiff just days after he returned to work and while still disabled due to the serious injuries and surgery Plaintiff sustained in carrying out his job duties as a Loss Prevention Associate.

72.     The acts described in this complaint, constitute outrageous conduct by Defendants.

73.     When Defendant did the acts described in this complaint, it did such acts deliberately, intentionally, and in a malicious and oppressive manner to cause Plaintiff severe emotional distress.  In particular, Defendant Sears interfered with Plaintiff's medical leave by exerting pressure on Plaintiff, his case manager, Sears' doctor, and Plaintiff's physician/surgeon to ensure Plaintiff returned to work as soon as possible and before it was medically appropriate, despite the fact that ***Defendant had already determined to terminate Plaintiff***.  Defendant did this so that Sears could save a few hundred dollars a day (a so-called $500 per day Lost Work Day Charge it was incurring).  Defendant's undue pressure even led directly to Plaintiff's cast being removed too early, not by Plaintiff's surgeon/physician, but by Sears' doctor.  Further, Defendant decided to terminate Plaintiff, who was disabled due to attempting to ensure his partners safety, after interfering with his medical leave and callously risking his health and well-being,

17

while deciding not to terminate his partner, who Defendant admits violated the same *purported* policy it claims as the basis for Plaintiff's termination. Essentially, Defendants, when faced admittedly with two alleged violations of the same *purported* policy[1], chose to terminate only the employee who had the misfortune of becoming disabled while attempting to ensure the safety of his partner, was recently on medical leave, and necessitated accommodations. Defendant's conduct caused Plaintiff severe emotional distress.

74.    As a direct, proximate, and foreseeable result of the aforesaid conduct of the Defendant, Plaintiff has suffered damages and injuries set forth herein and to be proven at trial.

75.    As a result of the aforesaid acts of Defendant, Plaintiff has become mentally upset, depressed, and aggravated.  Plaintiff claims general damages for the mental distress and aggravation in an amount that will be proved at trial.

76.    As a result of Defendant's extreme and outrageous conduct, Plaintiff suffers and continues to suffer embarrassment, humiliation, emotional distress and mental anguish, and sustained serious injuries to his physical and mental health, strength, and activity, causing him physical and emotional pain.

77.    As a direct and proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has foreseeably suffered and continues to suffer loss of earnings and employment benefits and Plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof and in excess of the jurisdictional limit of this court.  Plaintiff claims such amount as damages together with prejudgment interest as allowed by law.

78.    Because the actions taken toward Plaintiff were carried in a

---

[1] More disturbing is the fact that Defendant Sears production reveals that Mr. Villanueva violated other company policies including but not limited to pursuing a suspect, yelling at a suspect and not maintaining communication with his partner.

1  deliberate, cold, callous, and intentional manner with malice, oppression, and

2  fraud, in order to injure, damage, and punish Plaintiff, Plaintiff requests the

3  assessment of punitive damages against Defendant, in an amount appropriate to

4  punish and make an example of Defendant.

5      Wherefore, Plaintiff prays for judgment as hereinafter set forth.

6  ### SEVENTH CAUSE OF ACTION
   ### Failure to Provide Employment Records on Request in Violation of Labor
7  ### Code (Cal. Labor Code §§ 226, 432, 1198.5)
8  *(Against Defendant Sears and all DOE Defendants)*

9      79.    Plaintiff re-alleges and incorporates each and every allegation

10 contained above except where to do so would be inconsistent with pleading this

11 cause of action.

12     80.    California Labor Code Section 226 provides, "An employer who

13 receives a written or oral request to inspect or copy records pursuant to subdivision

14 (b) pertaining to a current or former employee [records of hours worked and wages

15 paid] ... shall comply with the request as soon as practicable, but no later than 21

16 calendar days from the date of the request."

17     81.    Labor Code Section 432 provides, "If an employee signs any

18 instrument relating to the obtaining or holding of employment, he shall be given a

19 copy of the instrument upon request."

20     82.    Labor Code Section 1198.5 provides that every employee shall be

21 permitted to inspect and obtain a copy of their personnel records upon request.

22     83.    On or around July 2, 2015, Plaintiff requested in writing by letter via

23 certified first class mail to Defendant and regular first class mail to Defendant's

24 California agent for service of process, that Defendant provide him with his wage

25 and payroll history, all documents signed by Plaintiff pursuant to Labor Code

26 Section 432, and a copy of his personnel records pursuant to Labor Code Section

27 1198.5.  Receipts indicate that the correspondence was delivered to Defendant's

28 principal place of business on July 7, 2015.

19

84.     More than 30 days passed since Defendant received Plaintiff's correspondence requesting documents pursuant to Labor Code Section 432, and a copy of his personnel records pursuant to Labor Code Section 1198.5, yet Defendant did not provide any of the information/documents requested.

85.     For failure to provide Plaintiff with payroll records with 21 days after written request, Plaintiff seeks a $750 penalty pursuant to Labor Code Section 226(f).

86.     For failure to provide Plaintiff with his personnel file within 30 days after receiving the request, Plaintiff seeks a $750 penalty pursuant to Labor Code Section 1198.5(k).

87.     Plaintiff additionally seeks any additional remedies available to him for violations of Labor Code Sections 226, 432, and 1198.5.

88.     As a result of Defendant's conduct, Plaintiff was forced to retain an attorney in order to protect his rights and file this action.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
**Interference with Right to Medical Leave under the California Family Rights Act (Gov't Code § 12945.2(t)**
*(Against Defendant Sears and all DOE Defendants)*

89.     Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

90.     Under the CFRA it is an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt of any right provided by this section.  Gov't Code § 12945.2(t).

91.     Defendant Sears was at all times material herein Plaintiff's employer pursuant to Gov't Code § 12926(d) and was therefore barred from interfering with, restraining, or denying the exercise of, or attempt to exercise Plaintiff's rights under the CFRA.

20

92.    Nonetheless, as set forth herein, Defendant Sears interfered with rights afforded Plaintiff under the CFRA, in violation of Gov't Code § 12945.2(t) by, among other things, pressuring Plaintiff, his case manager, his physician/surgeon, and Sears' doctor to allow Plaintiff to cut short his medical leave and return to work, despite doing so not being in Plaintiff's best medical interest and despite Plaintiff being entitled to additional medical leave time, and by terminating Plaintiff's employment in retaliation for his taking leave, based on pretextual reasons.

93.    Had Defendant Sears not interfered with Plaintiff's right to take CFRA medical leave and not rushed him back to work before it was medically appropriate, based on false pretenses, Plaintiff would not have sustained the physical and emotional injuries he sustained, including exacerbating his physical and emotion distress, and had he not been terminated based on pretextual reasons, he would still be employed and would not have a pretextual termination on his employment record, negatively impacting his job prospects now and into the future.

94.    As a direct and proximate result of Defendant's actions alleged herein, Plaintiff has suffered and continues to suffer extreme physical and emotional distress, financial hardship, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proved at trial.

95.    The above referenced acts of Defendant were authorized or ratified by Defendant's officers or managing agents, and were done intentionally and with malice and, therefore, entitle Plaintiff to an award of punitive and exemplary damages.  As a further direct and proximate result of Defendant's actions alleged herein, Plaintiff has incurred, and continues to incur, legal fees, costs, and other expenses in prosecution of this matter.

## NINTH CAUSE OF ACTION
## Retaliation for Taking Leave Under the California Family Rights Act (Gov't

21

**Code § 12945.2)**

*(Against Defendant Sears and all DOE Defendants)*

96.     Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

97.     Plaintiff is informed and believes and, on that basis, alleges that Defendant Sears retaliated against him for his taking CFRA medical leave due to his physical disability from at least May 3, 2015 to May 18, 2015, and based on its knowledge that additional leave time was an appropriate and reasonable accommodation of his disability, as evidence by Sears and its managing agents callously rushing Plaintiff back to work under false pretenses to his doctor regarding purported modified duties, which were never provided.  Such retaliation included, but is not limited to, not providing modified job duties, not engaging in the interactive process or providing reasonable accommodations, and discriminatorily and wrongfully terminating Plaintiff based on pretextual grounds, as alleged herein.

98.     As a result of Defendant's retaliation as alleged herein, Plaintiff has suffered and continues to suffer extreme physical and emotional distress, financial hardship, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proved at trial.

99.     The above referenced acts of Defendant were authorized or ratified by Defendant's officers or managing agents, and were done intentionally and with malice and, therefore, entitle Plaintiff to an award of punitive and exemplary damages.  As a further direct and proximate result of Defendant's actions alleged herein, Plaintiff has incurred, and continues to incur, legal fees, costs, and other expenses in prosecution of this matter.

**TENTH CAUSE OF ACTION**
**Discrimination Based on Taking Leave Under the California Family Rights Act (Gov't Code § 12945.2)**

22

*(Against Defendant Sears and all DOE Defendants)*

100.   Plaintiff re-alleges and incorporates each and every allegation contained above except where to do so would be inconsistent with pleading this cause of action.

101.   Plaintiff is informed and believes and, on that basis, alleges that Defendant Sears discriminated against him for his taking CFRA medical leave due to his physical disability from at least May 3, 2015 to May 18, 2015, and based on its knowledge that additional leave time was an appropriate and reasonable accommodation of his disability, as evidence by Sears and its managing agents callously rushing Plaintiff back to work under false pretenses to his doctor regarding purported modified duties, which were never provided.  Such discrimination included, but is not limited to, not providing modified job duties, not engaging in the interactive process or providing reasonable accommodations, and discriminatorily and wrongfully terminating Plaintiff based on pretextual grounds, as alleged herein.

102.   As a result of Defendant's discrimination as alleged herein, Plaintiff has suffered and continues to suffer extreme physical and emotional distress, financial hardship, humiliation, mental anguish, mental and physical pain, and other damages in an amount to be proved at trial.

103.   The above referenced acts of Defendant were authorized or ratified by Defendant's officers or managing agents, and were done intentionally and with malice and, therefore, entitle Plaintiff to an award of punitive and exemplary damages.  As a further direct and proximate result of Defendant's actions alleged herein, Plaintiff has incurred, and continues to incur, legal fees, costs, and other expenses in prosecution of this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a.   For general, special, actual compensatory/and or nominal damages, as

23

1    against Defendant, in an amount in excess of the jurisdictional limit amount of this

2    court, but not less than $10,000,000.00;

3          b.      For punitive damages as allowed by law in amount to be determined

4    at trial sufficient to punish, penalize and/or deter Defendants, and each of them, for

5    their wrongful conduct and set an example of others;

6          c.      For Plaintiff's costs and disbursements in this action, including

7    reasonable attorneys' fees, experts' fees, costs, and expenses as allowed by law;

8          d.      For civil penalties under Labor Code Section 226(f) and 1198.5(k) as

9    allowed by law;

10          e.      For interest as provided by law; and

11          f.      For such other and further relief as the Court deems just and proper.

12                          **<u>DEMAND FOR JURY TRIAL</u>**

13          Plaintiff hereby reiterates his request for a jury trial.

14                                          Respectfully submitted,

15    Dated:  March 20, 2017              GALLENBERG PC

16

17    By_____/s/_____
                      Rosa Vigil-Gallenberg, Esq.
18                    Raymond A. Gallenberg, Esq.

      Attorneys for Plaintiff Daniel Veloz

19

20

21

22

23

24

25

26

27

28